United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLLINS,<br><br>              Plaintiff,<br><br>    v.<br><br>GAMESTOP CORP., et al.,<br><br>              Defendants. | NO. C10-1210 TEH<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS |

This matter comes before the Court on Defendants' motion to strike the class allegations from the first amended complaint. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the motion hearing scheduled for August 16, 2010. The Court now GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons discussed below.

**BACKGROUND**

Plaintiff James Collins filed this putative class action against Defendants GameStop Corporation and GameStop.com, Inc. (collectively, "GameStop") to challenge GameStop's alleged practices concerning the sale of used video games. Collins alleges that certain video games include use codes that permit consumers to download additional content, and that the availability of such content is advertised on these games' packaging. Collins further alleges that GameStop "was and is aware" that the used games it sells "do not include the use code required to obtain the additional features of the game," First Am. Compl. ¶ 25, but that GameStop fails to "inform[] consumers that they will not receive all the advertised features of the game," *id.* ¶ 23.

1  Collins alleges that he purchased a used version of the "Dragon Age Origins" video
2  game from a GameStop retail store "in part because of the box cover, which advertised that
3  an additional character and quest could be downloaded for free upon the retail purchase" of
4  the game. *Id.* ¶ 32. The cost of the used game was approximately $5 less than the cost of a
5  new game.
6  Approximately two weeks later,

> Plaintiff discovered that he would not have access to the full features of the game, such as the downloadable character and quest that was featured on the back of the game's box. Plaintiff had relied on the representations on the back of the box and believed that when he purchased the game, he would have access to these features without paying an additional fee. These features were material to Plaintiff, and in fact, the availability of the downloadable character and quest was a reason why he chose to purchase the game.

*Id.* ¶ 33. Collins attempted to return the game to GameStop, but he was not permitted to do so because the store's seven-day return period had expired. He subsequently purchased the downloadable features of the game for an additional $15, meaning that he ultimately paid $10 more for a used version of the game, complete with downloadable features, than he would have for a new version of the same game.

Collins seeks to represent California and nationwide classes of individuals "who purchased a video game from GameStop and were not able to access certain content without paying an additional fee because the game was used." *Id.* ¶ 38. The first amended complaint asserts four causes of action: violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq.*; violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; violation of "Consumer Protection Statutes of the Remaining 49 States, District of Columbia, and Puerto Rico," *id.* at 19; and common law fraud. GameStop's motion to strike all class allegations from the complaint is now before the Court.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

2

Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). When considering a motion to strike, a court must view the pleadings in a light most favorable to the non-moving party. *Id.* at 39.

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. *E.g.*, *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. *E.g., Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009).

**DISCUSSION**

As GameStop correctly observes, Collins failed to oppose GameStop's motion to strike the nationwide class claims as to the first and second causes of action for violation of the CLRA and UCL, respectively, and also failed to oppose the motion to strike the third claim for violation of consumer protection laws in non-California jurisdictions. In particular, Collins does not contest that he does not have standing to pursue claims based on laws in jurisdictions besides California; that a class action based on laws of fifty-two jurisdictions would be unmanageable; or that a nationwide UCL or CLRA class would be improper because those statutes do not reach conduct lacking any connection to California.

3

Accordingly, the Court GRANTS GameStop's motion to strike these class allegations from the complaint without leave to amend.

GameStop's motion to strike the remaining class allegations relies on its argument that Article III requires all members of the class to have standing, which in turn, according to GameStop, requires a showing of actual reliance. As a result, GameStop argues, a nationwide fraud claim would require individualized inquiries making class treatment inappropriate, and the UCL and CLRA putative classes cannot be certified because they include individuals who did not rely on the allegedly concealed facts and therefore lack standing.

The Court finds GameStop's motion as to these claims to be premature and is not prepared to find, based on the pleadings alone, that Collins cannot state valid class claims. For example, although GameStop relies heavily on *Sanders* for the proposition that a nationwide fraud claim cannot be certified because individualized issues as to reliance would predominate, the *Sanders* court did not state that no such class could be certified; instead, the court granted leave to amend and "urge[d] Plaintiffs to consider whether a more narrowly defined class *might* be appropriate." *Sanders*, 672 F. Supp. 2d at 991 (emphasis added). Moreover, in a later case, the same court rejected an argument similar to GameStop's here:

> Defendants argue that Plaintiffs cannot sustain classwide claims on their fraud-based claims because they must demonstrate individual reliance on the alleged concealment. However, "courts have recognized that this element, which is often phrased in terms of reliance or causation, may be presumed in the case of a material fraudulent omission."

*Tietsworth v. Sears, Roebuck & Co.*, Case No. C09-0288 JF (HRL), — F. Supp. 2d —, 2010 WL 1268093, at *20 (N.D. Cal. Mar. 31, 2010) (quoting *Plascensia v. Lending 1st Mortg.*, 259 F.R.D. 437, 447 (N.D. Cal. 2009)).

More recently, another court in this district certified a nationwide class for UCL, CLRA, and common law fraud claims based on the defendants' alleged omissions. *Chavez v. Blue Sky Natural Beverage Co.*, Case No. C06-6609 VRW, — F.R.D. —, 2010 WL 2528525

//

4

(N.D. Cal. June 18, 2010).[1]  The *Chavez* court specifically rejected defendants' arguments that the class could not be certified because no unnamed class members established Article III standing and that plaintiffs' UCL, CLRA, and common law fraud claims required individualized proof of reliance.  *Id.* at *9-11, 13.

Another court in this district has similarly certified a class action that raised a UCL fraud claim among other causes of action.  *Estrella v. Freedom Fin. Network, LLC*, Case No. C09-3156 SI, 2010 WL 2231790 (N.D. Cal. June 2, 2010).  The defendant "argue[d] that neither plaintiff can show typicality under [the UCL fraud] claim because reliance is an individualized inquiry."  *Id.* at *10.  The court rejected that argument, concluding that "[i]ndividualized reliance may be presumed . . . where the alleged misrepresentation is material," and that, "[f]or purposes of the class certification inquiry, plaintiffs have sufficiently alleged that the misrepresentations they have identified were material."  *Id.*

In light of the above case law, the Court does not find it clear from the complaint's allegations that a class action cannot be maintained.[2]  GameStop's motion to strike is therefore DENIED as to the fraud class allegations for the nationwide and California classes, and as to the UCL and CLRA class allegations for the California class.

**CONCLUSION**

As discussed above, GameStop's motion to strike the class allegations from the complaint is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED, with prejudice, as to the nationwide class allegations on the first cause of action for violation of the CLRA and the second cause of action for violation of the UCL, and as to the third cause of action for violation of non-California consumer protection statutes in its entirety.  The

---

[1] The court allowed nationwide UCL and CLRA claims because, unlike here, "Defendants are headquartered in California and their misconduct allegedly originated in California"; thus, "application of the California consumer protection laws would not be arbitrary or unfair to defendants."  *Chavez*, 2010 WL 2528525, at *14.

[2] Nor, of course, does the Court find that a motion for class certification will ultimately be successful.

5

motion is DENIED as to the California class allegations on the CLRA and UCL causes of action, and as to the fourth cause of action for fraud in its entirety.

**IT IS SO ORDERED.**

Dated: 08/06/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT