IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES COLLINS,

            Plaintiff,

v.

GAMESTOP CORP., et al.,

            Defendants.

NO. C10-1210 TEH

CASE MANAGEMENT ORDER and ORDER VACATING MOTION TO CONSOLIDATE CASES AS MOOT

MATTHEW PROCTOR and DANOBY ORTIZ,

            Plaintiffs,

v.

GAMESTOP CORP., et al.,

            Defendants.

NO. C11-0962 TEH

The *Collins* matter came before the Court on May 16, 2011, on Plaintiffs' motion to consolidate the case with *Proctor* and to appoint interim lead class counsel. At the hearing, Plaintiffs' counsel in both cases agreed that it was unnecessary to proceed with two separate actions. Instead, counsel agreed that *Collins* could be amended to add Matthew Proctor and Danoby Ortiz as named plaintiffs, with all counsel listed as counsel of record for Plaintiffs, and *Proctor* could subsequently be dismissed. Defendants did not object to the amendment but did raise concerns about any attorneys' fees that might be awarded to Plaintiffs' counsel.[1]

---

[1] Given the history of these two cases, the Court shares these concerns and will closely scrutinize any request for attorneys' fees brought by Plaintiffs following a settlement of this case or if Plaintiffs prevail through litigation. Unreasonable attorneys' fees, including those resulting from duplicative work, over-staffing, or unnecessarily multiplying these proceedings, shall not be awarded.

1    Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Plaintiffs
2 shall file an amended complaint in *Collins*, and the parties shall file a stipulation and
3 proposed order for dismissal in *Proctor*, on or before **May 25, 2011.** Plaintiffs' motion to
4 consolidate cases and appoint interim lead class counsel is VACATED as moot.

5    In addition, the Court strongly recommends that the parties contact the assigned
6 magistrate judge to get on her calendar prior to the scheduled May 1, 2012 settlement
7 conference.  The assistance of a magistrate judge may be helpful at this juncture, particularly
8 if Defendants' counsel has correctly represented that attorneys from Initiative Legal Group
9 ("ILG") agreed to some terms of a class settlement – even if, as ILG now contends, no
10 complete agreement was reached – while they were counsel of record to the *Collins* putative
11 class.

**IT IS SO ORDERED.**

Dated:   05/18/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2